UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REBECCA H. BANKES,

      Plaintiff,           CIVIL ACTION NO. 10-10667
v.                                   DISTRICT JUDGE NANCY G. EDMUNDS
                                      MAGISTRATE JUDGE DONALD A. SCHEER
COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of light work.

\*   \*   \*

Plaintiff filed applications for Social Security Disability Income Benefits (DIB) and Supplemental Security Income (SSI) benefits on February 6, 2006, alleging that she had been disabled and unable to work since August 1, 2005, at age 43, due to degenerative disc disease, fibromyalgia, bilateral foot and knee pain, sleep apnea and post-traumatic stress disorder. Benefits were denied by the Social Security Administration (SSA). A requested de novo hearing was held on June 9, 2008, before Administrative Law Judge (ALJ) John Ransom. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of light work providing a sit-stand option. The Law Judge restricted claimant from jobs that would involve repetitive bending, twisting, turning, crawling, reaching, squatting, kneeling, pushing, pulling and climbing stairs. Claimant was also restricted from jobs that would expose her to

excessive vibrations, moving machinery or unprotected heights. The ALJ further limited her to simple, routine jobs that did not require contact with the public, attention to detail or constant supervision. The Appeals Council declined to review the ALJ's decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Claimant was 46 years old at the time of the administrative hearing (TR 446). She had been graduated from high school and had attended college for two years. She had been employed as a home health aide, chore provider and direct care worker (TR 460). These jobs required her to be on her feet for a majority of the workday. She constantly had to handle, grip and manipulate large and small objects. She had to lift up to 30 pounds on a regular basis (TR 92). Claimant stopped working in August 2005, due to progressively worsening joint pain and mental fatigue (TR 459).

Plaintiff alleged that she was disabled as a result of degenerative disc disease, fibromyalgia, sleep apnea, post-traumatic stress disorder, and mental depression (TR 459). Claimant doubted that she could return to work full time[1] due to severe pain and fatigue (TR 452). She remained capable of shopping, cooking, housekeeping, driving and caring for her elderly mother (TR 72-74). Claimant had to lie down several times a day in order to get relief from pain and fatigue (TR 452). She was allegedly unable to sit or stand for prolonged periods (TR 454-55). Plaintiff estimated that she could lift and carry a twenty

---

[1]At the time of the hearing, Plaintiff was working part-time as a home health aide watching over mentally impaired individuals (TR 446-447).

pound bag of groceries with both hands (TR 456). The claimant added that she often had flashbacks, nightmares, mood swings, crying spells and trouble falling asleep (TR 453-54).

A Vocational Expert, Pauline McEachin, classified Claimant's past work as light, unskilled activity, which imparted no transferable skills (TR 460). The witness testified that there would not be any jobs for claimant to perform if her testimony were fully accepted[2] (TR 460). If she were capable of restricted light work, however, there were numerous unskilled video surveillance monitor, visual inspector, and home heath care jobs that she could still perform with minimal vocational adjustment (TR 461). These simple, routine jobs allowed a sit-stand option, and did not expose workers to moving machinery or unprotected heights (TR 460-61).

LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as a result of degenerative disc disease, sleep apnea, bilateral foot pain, fibromyalgia, status post knee surgery, depression and post-traumatic stress disorder, but that she did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ accounted for claimant's periodic joint pain and deficiencies in concentration by restricting her to simple, repetitive, slow paced light work that did not require frequent bending, twisting, turning, crawling, reaching, squatting, kneeling, pushing, pulling or climbing stairs. Nevertheless, the Law Judge found that claimant retained the residual functional capacity to perform a significant number of light jobs, within those limitations, as identified by the Vocational Expert.

---

[2]The witness testified that claimant's alleged need to lie down for approximately fifty percent the day due to fatigue would preclude all work activity (TR 460).

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Claimant maintains that substantial evidence does not exist on the record that she remains capable of performing a limited range of light work activity. Plaintiff also argues that the ALJ improperly evaluated her credibility, and improperly rejected the disability opinion rendered by her treating doctor. Defendant counters that the claimant retains the residual

functional capacity for a reduced range of light work because the objective clinical evidence of record did not confirm the disabling nature of her various impairments.

DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of light work providing a sit-stand option and no exposure to unprotected heights or moving machinery. Contrary to Plaintiff's assertion, the medical evidence did not support her allegations of totally disabling joint pain.

The medical record contained little objective medical basis for crediting Plaintiff's complaints of disabling symptoms related to fibromyalgia. The claimant has never been hospitalized, nor has she received aggressive treatment for the condition. As pointed out by the ALJ, Ms. Bonnie Gawel, a treating physician assistant, opined that Plaintiff was not disabled as a result of fibromyalgia[3] (TR 14). Moreover, diagnostic tests did not support all her complaints. Examining physicians reported no significant abnormalities. The claimant walked with a normal gait, and she had good muscle strength in her arms and legs. Muscle bulk and tone were normal, coordination was unimpaired, and she did not exhibit any neurological deficits (TR 186, 243-245, 277, 392).

Plaintiff also obtained significant relief from medications taken as prescribed, and the medical record contained no evidence of significant side-effects from those

---

[3] While Ms. Gawel later opined in December 2008, that Plaintiff would not be able to work on a full time basis due to her chronic pain and fatigue (TR 394), the ALJ properly discounted the opinion because it was not supported by objective medical evidence. Moreover, the statement was made a year after the physician assistant stopped treating the claimant.

medications. No examining physician recommended that she frequently lie down throughout the day. Significantly, no doctor declared her to be totally and permanently disabled. In fact, Ms. Gawel explicitly indicated that she did not recommended that people with fibromyalgia go on disability since the best treatment for the condition was continuous movement (TR 271).

While the subjective nature of fibromyalgia does not usually lend itself to objective medical verification, the ALJ did not rely solely on the lack of objective medical support in determining that Plaintiff was not disabled. Despite allegations that she suffered from severe pain radiating throughout her body, the claimant was able to work on a part-time basis (up to 24 hours a week), care for her ailing mother, drive an automobile and perform most household chores (TRTR 71-73, 447).

When evaluating Plaintiff's residual physical functional capacity, the Administrative Law Judge also took into consideration the opinion of a state agency consultant[4], who concluded that the claimant could perform a restricted range of light work, despite her joint pain and mental fatigue (TR 247-250). The ALJ reasonably accounted for claimant's periodic joint pain and deficiencies in concentration by restricting her to simple, repetitive, slow paced light work that did not require frequent bending, twisting, turning, crawling, reaching, squatting, kneeling, pushing, pulling or climbing stairs (TR 15).

It is the rare case, the exception, in which every piece of evidence points incontrovertibly toward a decision to deny benefits. There was evidence in the record

---

[4] Under the regulations, ALJs "must consider findings of State agency medical and psychological consultants," but ALJs "are not bound by any findings made by State agency medical or psychological consultants." 20 C.F.R. § 404.1527(f)(2)(I) (2010).

which, taken in isolation, might suggest that the Plaintiff was totally disabled and that her testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978).  See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that she could not return to her past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that she had the vocational qualifications to perform alternative jobs in the economy, notwithstanding her various impairments. The Commissioner, however, met his burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to hypothetical questions that took into consideration claimant's educational and vocational background, along with her significant impairments[5], the Vocational Expert testified that there were numerous unskilled video surveillance monitor, visual inspector, and home heath care jobs that she could still perform with minimal vocational adjustment (TR 461).  These simple, routine jobs allowed a sit-stand option, and did not expose workers to moving machinery or unprotected heights (TR 460-61). Given the objective clinical findings of the examining physicians of

---

[5]The Administrative Law Judge's hypothetical questions to the Vocational Expert accurately described Plaintiff's moderate limitations caused by her joint pain and concentration deficits. The ALJ reasonably determined that claimant's on-going joint discomfort and mental difficulties limited her to simple, unskilled, routine type jobs that had limited contract with the general public and supervisors (TR 15). The Sixth Circuit has held that hypothetical questions to experts are not required to included lists of claimant's medical conditions. Webb v. Commissioner, 368 F.3d 629, 633 (6th Cir. 2004). Under these circumstances, the ALJ's hypothetical question accurately portrayed Plaintiff's impairments.

record, substantial evidence existed on the record that Plaintiff retained the residual functional capacity for a restricted range of light work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer<br>
DONALD A. SCHEER<br>
UNITED STATES MAGISTRATE JUDGE

DATED: July 27, 2010

## CERTIFICATE OF SERVICE

I hereby certify on July 27, 2010 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on July 27, 2010: **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217